UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | | |
|---|---|---|
| SANJAY GUPTA, an individual, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:23-cv-00201 |
| | ) | |
| TERESA K. WOODRUFF, et al., | ) | Hon. Paul L. Maloney |
| current former employees of Michigan State | ) | |
| University, sued in their personal and official | ) | |
| capacities, jointly and severally, | ) | |
| | ) | |
| Defendants. | ) | |

## PLAINTIFF'S BRIEF FOR MOTION TO COMPEL RULE 26(f) CONFERENCE

Pursuant to Federal Rules of Civil Procedure 26(f) and 37(a), Plaintiff Sanjay Gupta respectfully moves this Court to compel Defendants to participate in a telephonic Rule 26(f) conference within five business days. Plaintiff's good-faith efforts to resolve this issue have been unsuccessful, which is shown in the attached certificate under Local Rule 7.1(d). The Federal Rules of Civil Procedure and case law both demonstrate that neither of Defendants' justifications are legally valid for delaying a Rule 26(f) conference: a pending motion to dismiss or a Rule 16 scheduling conference having not been set. Defendants confuse the reasons they cite for staying discovery as legally valid reasons for unilaterally delaying the Rule 26(f) conference. The conference should be a prerequisite to any stay or limits to discovery.

## FACTS

Plaintiff Dr. Sanjay Gupta is a tenured faculty member and the former Dean of the Eli Broad College of Business of Michigan State University ("MSU"). PageID.1. On August 12, 2022, the former Provost, who is currently the Interim President, terminated his deanship and removed

1

his endowed chair position. PageID.17-19. On August 30, 2022, the MSU Board of Trustees announced it had engaged outside counsel to review the administration's decision to terminate Dr. Gupta. PageID.23-24, (https://trustees.msu.edu/communications/board-statements/2022-statements/BOT%20statement.pdf). After the Interim President publicly opposed an investigation into her decision and refused to cooperate, on October 11, 2022, the MSU Board of Trustees published an additional announcement articulating the basis and need for the investigation by the law firm of Quinn Emanuel Urquhart & Sullivan LLP. PageID.23-24, (https://trustees.msu.edu/meetings/documents/2022/MSUBoardStatement10.11.22.pdf).

Dr. Gupta filed the Complaint on February 24, 2023. PageID.1. The Complaint states federal and state law claims against the MSU personnel involved in the actions against Dr. Gupta, suing them in their personal and official capacities, and seeks injunctive and monetary relief. PageID.26-31. A waiver of service was sent on February 27, 2023, and was accepted by all Defendants on February 28, 2023. PageID.49. On March 31, 2023, the MSU Board of Trustees published Quinn Emanuel's 104-page report of its investigation findings. *See* Quinn Emanuel Report, *available at* https://trustees.msu.edu/communications/board-statements/2023-statements/2023-03-30%20MSU%20Final%20Report.pdf. Quinn Emanuel found that, based on its "analysis of the available evidentiary record and policies, the personnel actions taken against Gupta appear disproportionate, out of sequence with the underlying investigation, and based on a factual record that included errors and omissions of relevant information and context." *See id.* at 8 (Executive Summary). Defendants sought and Plaintiff agreed to an extension of time from May 1 to May 22, 2023, to respond to the Complaint.  PageID.56.

**ARGUMENT**

Rule 26(f)'s language mandates that the conference occurs early, even if a defendant's answer or motion to dismiss is pending. Specifically, the conference must occur "as soon as practicable – and in any event at least 21 days before a scheduling conference is to be held or a scheduling order is due under Rule 16(b)." Fed. R. Civ. P. 26(f)(1). A scheduling order is "due" under Rule 16(b) "within the earlier of 90 days after any defendant has been served with the complaint or 60 days after any defendant has appeared." Fed. R. Civ. P. 16(b)(2). On February 28, 2023, Defendants accepted waiver of service that was sent on February 27, 2023. *E.g.*, PageID.49. Therefore, within the next ten weeks – by May 8, 2023 – the parties were legally obligated to have the Rule 26(f) conference. The language of Rule 26(f) does not require an actual date having been set for a scheduling conference or for a scheduling order's issuance. Fed. R. Civ. P. 26(f). Instead, the Rule mandates that the conference takes place despite a pending answer or motion to dismiss. *See* Fed. R. Civ. P. 26(f) advisory committee's note to 1993 amendment (instructing that the conference was obligatory for "defendants who, because of a pending Rule 12 motion, may not have yet filed an answer in the case."). Contrary to the federal rules, Defendants' position would automatically stay the Rule 26(f) conference until a motion dismiss is resolved or until the Rule 16(b) scheduling conference has a set date. However, Defendants cannot unilaterally stay the conference to effectuate a stay of discovery because they must raise the issue of staying discovery in a motion for the Court to decide – after having participated in the Rule 26(f) conference.

The purpose of a Rule 26(f) conference is not only to develop a proposed discovery plan but also to consider the "the possibilities for promptly settling or resolving the case" and to discuss "any issues about preserving discoverable information[.]" Fed. R. Civ. P. 26(f)(2). The parties may also discuss, for example, the timing of dispositive motions and the expected timing of trial. *See*

Fed. R. Civ. P. 26(f) advisory committee's note to 1993 amendment. Instead of obligating defendants to engage in discovery, the Rule 26(f) conference is designated forum for initial objections to discovery. Rule 26(c) provides that a party may "object[] during the [Rule 26(f)] conference that initial disclosures are not appropriate and state[] the objection in the proposed discovery plan" so that the court may be able to rule on it. Fed. R. Civ. P. 26(c). During the conference, the parties may also agree to discovery that is phased, limited, or issue focused. Fed. R. Civ. P. 26(f)(3)(B). Accordingly, the basis of Defendants' objection to starting discovery cannot also serve as legally valid basis of objecting to having the Rule 26(f) conference.

Case law reinforces that a pending motion to dismiss does not delay a Rule 26(f) conference. *See AFT Michigan v. Project Veritas*, 294 F.Supp.3d 693, 694 (E.D. Mich. 2018) (compelling Rule 26(f) conference because a judge's practice of holding scheduling conferences after deciding motions to dismiss did not support a finding contrary to federal law "that a Rule 26(f) **conference or discovery** must await a decision on such a motion" (emphasis added)); *S.R. v. Kenton Cnty. Sheriff's Off.*, No. CV 15-143-WOB-JGW, 2015 WL 12977103, at *1–2 (E.D. Ky. Nov. 3, 2015) ("[T]he mere existence of what defendants believe to be complete defenses to plaintiffs' claims does not mean that a Rule 26(f) conference should not be held. ... [O]ther courts have held that a Rule 26(f) conference is not automatically postponed due to the filing of a motion to dismiss." (citing *Escareno ex rel. A.E. v. Lundbeck, LLC*, No. 3:14-CV-257-B, 2014 WL 1976867, at *2 (N.D. Tex. May 15, 2014) ("Filing a Rule 12(b)(6) motion to dismiss does not automatically stay discovery or require postponing a Rule 26(f) conference until the motion is resolved."))); *see also ING Bank, fsb v. Fazah*, 2009 WL 3824751, at *3 (E.D. Cal. Nov. 16, 2009) (compelling Rule 26(f) conference despite pending motion to dismiss), *report and recommendation adopted,* 2009 WL 4507722 (E.D. Cal. Dec. 3, 2009). Plaintiff's anticipated

4

amendment to the complaint also does not preclude having a Rule 26(f) conference. *See Melaleuca, Inc. v. Hansen*, 2014 WL 1343452, at *8 (D. Idaho Apr. 3, 2014) (compelling conference while anticipating plaintiff's amendment to complaint).

If Defendants move to stay discovery, a fully informed resolution of that issue by the Court depends on the outcome of the parties' Rule 26(f) conference. Otherwise, the Court could not know what Plaintiff's proposed discovery consists of, which Defendants are seeking to stay. The Court also cannot know, for example, the areas where the parties agree and disagree, including the possibility of phased, limited, or issue-focused discovery that may be discussed during the conference. Similarly, with any motion to stay discovery, Rule 37(a)(1) and Local Rule 7.1(d) requires that Defendants detail their efforts to "confer [with Plaintiff] in a good-faith effort to resolve the dispute." *See* Fed. R. Civ. P. 37(a)(1); W.D. Mich. L.R. 7.1(d). Conferring in good faith to resolve a dispute about starting discovery necessitates participation in the conference in compliance with Rule 26(f).

## CONCLUSION

WHEREFORE, Plaintiff respectfully requests that the Court grant its Motion to Compel a Rule 26(f) conference and order Defendants to participate in a telephonic conference within five business days.

Dated: May 16, 2023          Respectfully submitted,

                                               /s/ *Nancy A. Temple*
                                               Nancy A. Temple
                                               Richard Kapnick
                                               William Bruce
                                               Katten & Temple, LLP
                                               209 S. LaSalle St., Ste. 950
                                               Chicago, IL  60604
                                               (312) 663-0800
                                               ntemple@kattentemple.com

rkapnick@kattentemple.com
wbruce@kattentemple.com

6