UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | | |
|---|---|---|
| SANJAY GUPTA, an individual, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:23-cv-00201 |
| | ) | |
| TERESA K. WOODRUFF, et al., | ) | Hon. Paul L. Maloney |
| current former employees of Michigan State | ) | |
| University, sued in their personal and official | ) | |
| capacities, jointly and severally, | ) | |
| | ) | |
| Defendants. | ) | |

**LOCAL RULE 7.1(d) CERTIFICATE OF COMPLIANCE**
**IN SUPPORT OF PLAINTIFF'S MOTION TO COMPEL RULE 26(f) CONFERENCE**

I, Nancy Temple, represent Plaintiff Dr. Sanjay Gupta. In compliance with Local Rule 7.1(d), I certify that I, as Plaintiff's counsel, made the following efforts to confer in good faith with Defendants' counsel to resolve the dispute about having the Rule 26(f) conference.

1. On April 20, 2023, I spoke by phone with Defendant Woodruff's counsel to better understand and attempt to resolve Defendants' collective position that discovery, and thus the Rule 26(f) conference, were premature prior to the disposition of Defendants' motion to dismiss. Despite refusing to have a Rule 26(f) conference now, Defendants nonetheless wanted the parties to seek agreement on a discovery start time, without which Defendants planned to file a motion to stay discovery with their motion to dismiss.

2. On April 25, 2023, I requested to schedule a Rule 26(f) telephone conference on May 1, 2, 3, or 4.

3. On April 26, 2003, in the evening, Defendants responded by refusing to schedule the conference. They reiterated their collective position that discovery, and thus a Rule 26(f)

1

conference, were premature. To support their position, Defendants cited several, inapposite cases focused on staying discovery – not a Rule 26(f) conference – pending resolution of an immunity defense. Defendants also noted that the Court had yet to set a Rule 16 scheduling conference.

4. On April 28, 2023, I communicated Plaintiff's disagreement with Defendant's position. Plaintiff nonetheless made a proposal to defer the Rule 26(f) conference if Defendants agreed that Plaintiff could amend the Complaint twice as a matter of right – once to incorporate the Quinn Emanuel Report findings issued after the Complaint was filed and once again in response to a motion to dismiss pursuant to Fed. R. Civ. P. 15. On May 3, 2023, Plaintiff's counsel and defense counsel discussed these issues by telephone.

5. On May 4, 2023, Defendants rejected Plaintiff's proposal. They offered to further meet and confer about a Rule 26(f) conference despite contending still that it would not be warranted until later.

6. On May 12, 2023, I again requested to schedule a Rule 26(f) conference for May 17, 18, or 19. I also cited legal authority to show Defendants' reasons lacked merit for refusing the conference until later.

7. On May 15, 2023, Defendants again refused to schedule the Rule 26(f) conference and again cited their reasons for wanting to stay discovery.

Dated: May 16, 2023                                  Respectfully submitted,

                                                                        /s/  Nancy A. Temple
                                                                        Nancy A. Temple

Nancy A. Temple
Richard Kapnick
William Bruce
Katten & Temple, LLP
209 S. LaSalle St., Ste. 950
Chicago, IL  60604

(312) 663-0800
ntemple@kattentemple.com
rkapnick@kattentemple.com
wbruce@kattentemple.com