UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SANJAY GUPTA,

    Plaintiff,

v.

TERESA K. WOODRUFF, et al.,

    Defendants.

Case No. 1:23-cv-00201

Hon. Paul L. Maloney

---

## DEFENDANTS' BRIEF IN SUPPORT OF OMNIBUS MOTION TO STAY DISCOVERY

## ORAL ARGUMENT REQUESTED

### INTRODUCTION AND STATEMENT OF RELEVANT FACTS

On February 24, 2023, Plaintiff Sanjay Gupta, the former Dean and current faculty member of the Broad College of Business at Michigan State University ("MSU" or the "University"), filed the instant action against seven current and former MSU employees in their official and personal capacities. [ECF No. 1.] Plaintiff, who resigned as Dean after an investigation concluded that he violated mandatory reporting obligations set forth in MSU's policies, claims that Defendants participated in an alleged "scheme" to remove him from his at-will Dean role. In his currently-operative Complaint, Plaintiff alleges procedural due process violations under 42 U.S.C. § 1983 (Count I), as well as state common law claims of defamation (Count II) and tortious interference with a contract and business relationship (Counts III and IV).

Even accepting the allegations as true, Plaintiff's Complaint is meritless and legally deficient. Accordingly, on May 22, 2023, Defendants jointly filed an Omnibus Motion to Dismiss the Complaint, which, if granted, will dispose of the case in its entirety [ECF Nos. 15 & 16]. The Omnibus Motion to Dismiss raises federal and state governmental immunity arguments and

otherwise argues that Plaintiff has failed to state a claim upon which relief can be granted.  On May 23, 2023, the Court issued an Order Regarding Motion to Dismiss [ECF No. 17], instructing Plaintiff to either file an amended complaint within twenty-one days after Defendants filed their motion to dismiss, or respond to the Omnibus Motion to Dismiss within twenty-eight days after Defendants filed their motion to dismiss.  Whichever path forward Plaintiff chooses in that regard, Plaintiff's persistence in pursing sweeping discovery now – before dispositive legal issues are resolved, which include threshold questions of the Defendants' immunity from suit – is premature and futile.

Since April 20, 2023, Plaintiff has made clear his intent to request broad and burdensome discovery from each of the Defendants, as well as "additional evidence" from "scores of witnesses. . ."  Plaintiff's counsel articulated Plaintiff's plan that "each witness, including each defendant, other administrative personnel, and certain Trustees, will have to testify under oath and produce all documents, including electronic communications of any type on any personal or university device."

Plaintiff has disregarded Defendants' requests for a temporary stay of discovery, as well as Defendants' provision of ample legal precedent in support of such a stay.  Instead, Plaintiff demanded that the parties conduct a Rule 26(f) conference.  Defendants, while preserving their position that discovery should be stayed, agreed to participate in the Rule 26(f) conference, which was conducted on May 24, 2023.  Three hours before the conference, Plaintiff's counsel circulated an agenda and draft proposed discovery plan, which proposed, among other things: the exchange of initial disclosures within 14 days (prior to Plaintiff's deadline to file an amended complaint under the Court's Order [ECF No. 17]); service of written discovery within 28 days; Plaintiff to take up to 35 depositions; and the production of "MSU emails, personal emails, personal cell

phones." During the Rule 26(f) conference, Plaintiff's counsel stated that Plaintiff's intention to amend his Complaint by adding facts related to an investigation by an outside law firm, but declined to disclose whether an amended complaint would add new parties or new claims, despite Defendants' inquiries. Defendants will undoubtedly respond to any amended complaint with a motion to dismiss, including by raising, among other things, similar immunity defenses and fatal redressability flaws. In addition, any motion to stay would not prejudice Plaintiff given that the University – and the individual Defendants – have taken steps to preserve relevant communications while the motion to dismiss remains pending.

Plaintiff should not be permitted to prematurely pursue expansive discovery when the threshold question of whether his dubiously pleaded Complaint is itself barred remains unresolved. Nor is any discovery necessary to address the dispositive legal issues raised in Defendants' Motion to Dismiss. The Court should reject Plaintiff's plan – whether by intent or effect – to make this matter as inefficient (and burdensome) to the University and the individual Defendants as possible, and order that discovery be temporarily stayed.

## ARGUMENT

Where, as here, there is good cause, courts will "issue an order to protect a party . . . from annoyance, embarrassment, oppression, or undue burden or expense . . . including forbidding discovery…[or] specifying terms, including time and place…for the disclosure or discovery." Fed. R. Civ. P. 26(c)(1)(A)-(B). Indeed, "[t]rial courts have broad discretion and inherent power to stay discovery until preliminary questions that may dispose of the case are determined." *Gettings v. Bldg. Laborers Local 310 Fringe Benefits Fund*, 349 F.3d 300, 304 (6th Cir. 2003) (internal quotation marks omitted). That is because "there is no general right to discovery upon filing of the complaint. The very purpose of Fed. R. Civ. P. 12(b)(6) is to enable defendants to challenge

3

the legal sufficiency of complaints without subjecting themselves to discovery." *Yuhasz v. Brush Wellman,* 341 F.3d 559, 566 (6th Cir. 2003) (internal quotation marks omitted). And where, as here, a "complaint is deficient under Rule 8, [the plaintiff] is not entitled to discovery, cabined or otherwise." *Ashcroft v. Iqbal*, 556 U.S. 662, 686 (2009).

The Court should therefore grant Defendants' request for a temporary stay because (1) if Plaintiff amends his Complaint, discovery is premature, (2) Defendants' pending Omnibus Motion to Dismiss and any forthcoming dispositive motion in response to an amended complaint could similarly dispose of the entire case, (3) the Court should first decide Defendants' immunity claims before permitting discovery to proceed, and (4) a stay protects Defendants from undue burden and unnecessary expense.

## I.   Plaintiff's Request to Initiate Discovery Prior to Amending His Complaint is Premature

To the extent Plaintiff does indeed amend his Complaint, as his counsel has represented he intends to do, permitting broad discovery now – before Defendants have an opportunity to respond – is premature. During the Rule 26(f) conference, Plaintiff's counsel declined to provide any additional detail as to whether Plaintiff would be adding or removing claims or parties in his forthcoming amended complaint. Unless and until Plaintiff amends his Complaint, the scope of discovery and what might be proportionate to the needs of the case is wholly uncertain.

That Plaintiff's intention to add to his Complaint alleged facts based on a third-party investigation by an outside law firm that occurred months after Plaintiff's resignation from his role as Dean should not open the gates of discovery. In that instance, Defendants will respond with another, likely similar motion to dismiss, including by raising the same dispositive legal issues, such as immunity. Accordingly, beginning discovery now is premature, an inefficient use of the parties' and Court's resources, and overly burdensome.

4

II. **The Court May Grant Defendants' Omnibus Motion To Dismiss, Resolving All Of Plaintiff's Claims And Obviating The Need For Discovery**

Defendants have made a strong showing that Plaintiff's claims are meritless and that their Motion to Dismiss will dispose of the entire case if it is granted. Discovery is not appropriate when a complaint fails to state a plausible claim for relief under Fed. R. Civ. P. 8. *Ashcroft*, 556 U.S., at 678-79 (Rule 8 "does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions."); *New Albany Tractor v. Louisville Tractor*, 650 F.3d 1046, 1051 (6th Cir. 2011) (a plaintiff "must allege specific facts" and "may not use the discovery process to obtain these facts after filing suit."); *Hahn v. Star Bank*, 190 F.3d 708, 719 (6th Cir. 1999) ("Trial courts have broad discretion and inherent power to stay discovery until preliminary questions that may dispose of the case are determined.").

In *Flaim v. Med. Coll. of Ohio*, 418 F.3d 629, 643-44 (6th Cir. 2005), for example, the Sixth Circuit affirmed the district court's decision to bar discovery during the pendency of a motion to dismiss filed in lieu of an answer, where the plaintiff alleged a due process claim and defendants countered with immunity defenses. *Flaim* explains that "[w]here the district court accepts the plaintiff's allegations as true, but concludes that those allegations are insufficient as a matter of law, it is not an abuse of discretion to limit discovery *sua sponte*." *Id.* at 643. In other words, courts routinely exercise their discretion, even unilaterally, to stay discovery if "the case could be disposed of on the face of the complaint and that discovery would not affect the outcome." *Id.* at 644; *see also Gettings*, 349 F.3d at 304 ("Limitations on pretrial discovery are appropriate where claims may be dismissed based on legal determinations that could not have been altered by any further discovery." (citations omitted)); *Williams v. Scottrade*, 2006 WL 1722224, at *1 (E.D. Mich. June 19, 2006) ("It is settled that entry of an order staying discovery pending determination of dispositive motions is an appropriate exercise of the court's discretion.").

Here, Defendants' Motion to Dismiss asks this Court to dismiss the entire case, relying wholly on the pleadings and accepting as true all well-pleaded factual allegations contained in Plaintiff's Complaint. His purported intent to amend his Complaint does not change the calculus here: Plaintiff will not be able to overcome the immunity defenses or the other arguments raised in Defendant's Motion.

In short – even if Plaintiff amends his Complaint in the albeit unspecific manner his counsel has previewed – discovery will not assist this Court in ruling on the dispositive legal issues in the Defendants' Motion to Dismiss. And permitting Plaintiff to conduct the wide-ranging discovery he intends would violate *Iqbal*'s "not-entitled-to-discovery" rule and frustrate the purpose of Rule 1. Fed. R. Civ. P. 1 (Federal Rules "should be construed and administered to secure the just, speedy, and inexpensive determination of every action and proceeding."); *Bradley v. Hallworth*, 2010 WL 2231820, at *1 (W.D. Mich. June 1, 2010) (citing *Chavous v. D.C. Fin. Resp. & Mgmt. Assistance Auth.,* 201 F.R.D. 1, 2 (D.D.C. 2001) ("[a] stay of discovery pending the determination of a dispositive motion is an eminently logical means to prevent wasting the time and effort of all concerned, and to make the most efficient use of judicial resources")).

### III. The Court Should Decide Defendants' Immunity Claims Before Allowing Discovery To Proceed And Any Amendment Will Still Require The Court To Rule On Threshold Issues Of Immunity

A temporary stay of discovery is particularly appropriate where, as here, Defendants have raised threshold issues of immunity, which Plaintiff will be unable to plead around by amending his Complaint. Both the Sixth Circuit and the Supreme Court have repeatedly held that "[u]ntil this threshold immunity question is resolved, discovery should not be allowed." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982); *see also Kennedy v. City of Cleveland*, 797 F.2d 297, 298–99 (6th Cir. 1986) ("a claim of immunity raises an interest in an early, and inexpensive, termination of the litigation"); *Criss v. City of Kent*, 867 F.2d 259, 261 (6th Cir. 1988) ("discovery in litigation

6

against government officials should be halted until the threshold question of immunity is resolved"); *English v. Dyke*, 23 F.3d 1086, 1089–90 (6th Cir. 1994) ("[w]hile the issue [of qualified immunity] is before the trial court or the case is on appeal, the trial court should stay discovery."); *Washington v. Stark*, 626 F. Supp. 1149, 1152 (W.D. Mich. 1986) ("a defendant is entitled to a determination on the issue [of immunity] prior to the commencement of discovery."); *see also Hallworth*, 2010 WL 2231820, at *1; *Sobczak v. Corr. Med. Servs., Inc.*, 2010 WL 597239, at *1 (W.D. Mich. Feb. 17, 2010); *Kernstock v. Cnty. of Arenac*, 2009 WL 702928, at *1 (E.D. Mich. Mar. 16, 2009); *Sterrett v. Cowan*, 2014 WL 4926264, at *2 (E.D. Mich. Oct. 1, 2014); *Bey v. Finco*, 2014 WL 1370286, at *1 (W.D. Mich. Apr. 7, 2014); *Williams v. New Day Farms, LLC*, 2010 WL 3522397, at *2 (S.D. Ohio Sept. 7, 2010) (reasoning that a stay pending resolution of a dispositive motion ordinarily is proper where "the motion raises an issue such as immunity from suit, which would be substantially vitiated absent a stay . . ."); *Romar Sales Corp. v. Seddon*, 2013 WL 141133 (W.D. Mich. Jan. 11, 2013) (finding good cause to stay discovery while motion to dismiss pending, where plaintiff did not articulate discovery necessary to address dispositive legal issues).

Here, the result should be no different. Each Defendant has asserted legitimate absolute and qualified immunity defenses to Plaintiff's claims. "Because qualified immunity is truly an immunity from suit, as opposed to a mere defense to liability," discovery should be suspended until the Court has an opportunity to decide Defendants' dispositive motion on those grounds. *Washington*, 626 F. Supp. at 1152. All Defendants are current or former state employees and officials, and the Complaint is solely focused on actions each Defendant took in connection with their duties as employees of MSU. Defendants see no scenario where an amendment to the

7

Complaint will alter Defendants' immunity arguments. Under such circumstances, a stay is warranted until the Court determines whether immunity is a bar to the Complaint.

**IV.   Good Cause Exists To Shield Defendants From The Undue Burden And Unnecessary Expense Of Discovery On Claims That Could Ultimately Be Dismissed.**

Finally, there is good cause to issue a temporary stay in discovery to protect Defendants from undue burden and unnecessary expense. Plaintiff's decision to bring a host of baseless claims against seven different MSU employees creates a situation where disproportionate public funds and resources will need to be expended to defend against this case. The defense costs increase exponentially if each Defendant is required to respond to what Plaintiff's counsel has signaled will be overbroad and voluminous discovery requests aimed at each of them and the University more generally. And this concern is only magnified where Defendants are required to do so when they have not yet had the benefit of reviewing the actual complaint Plaintiff intends to rely upon as the basis for his discovery requests.

Plaintiff's counsel acknowledges that the litigation will cause "MSU and Michigan taxpayers" to expend "millions of dollars in defense litigation costs." And Plaintiff has signaled an intent to depose no fewer than thirty-five current and former University employees, to subpoena MSU, and to issue third-party subpoenas to others. A stay in discovery in this matter is therefore an "eminently logical means to prevent wasting the time and effort of all concerned, and to make the most efficient use of judicial resources." *Hallworth*, 2010 WL 2231820, at *1.

A temporary stay will also prevent the potential waste of Defendants' and Court resources in engaging in discovery until after Plaintiff files an amended complaint and the Court considers any motion to dismiss that either: (1) resolves the case in its entirety, making the need for discovery moot; or (2) significantly "narrow[s] the causes of action and relevant issues in the lawsuit," without unnecessary efforts and costs. *Williams*, 2006 WL 1722224, at *2; *see also Romar Sales*

8

*Corp.*, 2013 WL 141133, at *2 ("The appropriate standard is 'good cause'—no more and no less," which includes avoidance of unnecessary expense).

In any scenario, Plaintiff will not be prejudiced in any regard by a temporary stay, whereas Defendants will be unduly burdened, prejudiced, and required to expend significant public dollars if discovery proceeds forthwith.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court enter a protective order temporarily staying discovery, including the exchange of Rule 26(a)(1) initial disclosures, pending: (1) Plaintiff's filing of an amended complaint and resolution of any motion to dismiss in response thereto; or (2) if Plaintiff chooses not to amend his Complaint, the resolution of Defendants' May 22, 2023 Omnibus Motion to Dismiss Plaintiff's Complaint [ECF No. 15].

Respectfully submitted,

*/s/ Steven F. Stapleton*
Steven F. Stapleton
Maria Cesira Fracassa Dwyer
Clark Hill PLC (Grand Rapids)
200 Ottawa Ave., NW, Ste. 500
Grand Rapids, MI 49503
(616) 608-1145
Fax: (616) 608-1159
sstapleton@clarkhill.com
mdwyer@clarkill.com
*Counsel for Defendants Schmidtke and Towe*


*/s/ Uriel Abt* (with permission)
Uriel Abt
Law Office of Uri Abt PLLC
517 Wildwood Dr.
East Lansing, MI 48823
(517) 858-9410
uri@abtlawfirm.com
*Counsel for Defendant Guerrant*

*/s/  Charyn K. Hain* (with permission)
Charyn K. Hain
Varnum Riddering Schmidt & Howlett LLP
(Grand Rapids)
Bridgewater Place
333 Bridge St., NW
P.O. Box 352
Grand Rapids, MI 49501-0352
(616) 336-6297
ckhain@varnumlaw.com
*Counsel for Defendant Stanley*


*/s/ Paul Krieger* (with permission)
Krieger Kim & Lewin LLP
350 Fifth Ave., Ste. 7710
New York, NY 10118
(212) 390-9552
paul.krieger@kklllp.com
*Counsel for Defendant Woodruff*

<div style="display: flex;">

<div>

*/s/ Adam Hollingsworth*  (with permission)
Adam Hollingsworth
Jones Day (Cleveland)
North Point
901 Lakeside Ave.
Cleveland, OH 44114-1190
(216) 586-7235
ahollingsworth@jonesday.com
*Counsel for Defendant Jeitschko*

Dated: May 26, 2023

</div>

<div>

*/s/ Marisa Tara Darden* (with permission)
Marisa Tara Darden
Squire Patton Boggs LLP (Cleveland)
1000 Key Tower
127 Public Sq.
Cleveland, OH 44114
(216) 479-8627
Fax: (216) 479-8780
marisa.darden@squirepb.com
*Counsel for Defendant Austin*

</div>

</div>

## **CERTIFICATE OF SERVICE**

      I hereby certify that on May 26, 2023, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to all attorneys of record.

                                        *s/ Steven F. Stapleton*
                                        Steven F. Stapleton
                                        Clark Hill PLC (Grand Rapids)
                                        *Counsel for Defendants Schmidtke*
                                        *and Towe*

**CERTIFICATE OF COMPLIANCE**

As required under Local Civil Rule 7.3(b)(i), I hereby certify that this brief includes 2,594 words including headings, footnotes, citations and quotations and not including the case caption, cover sheets, any table of contents, any table of authorities, the signature block, attachments, exhibits, and affidavits. This word count was generated by Microsoft Word 2010, the processing software utilized to draft the brief.

<div style="text-align:right">

*s/ Steven F. Stapleton*
Steven F. Stapleton
Clark Hill PLC (Grand Rapids)
*Counsel for Defendants Schmidtke and Towe*

</div>