UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | | |
|---|---|---|
| SANJAY GUPTA, an individual, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:23-cv-00201 |
| | ) | |
| TERESA K. WOODRUFF, et al., | ) | Hon. Paul L. Maloney |
| current and former employees of Michigan | ) | |
| State University, sued in their personal and | ) | |
| official capacities, jointly and severally, | ) | |
| | ) | |
| Defendants. | ) | |

## JOINT STATUS REPORT

On May 24, 2023, the following counsel of record for all parties participated in a Rule 26(f) conference. The following counsel will also attend a Rule 16 conference when scheduled by the Court:

| | |
|---|---|
| Plaintiff Sanjay Gupta: | Nancy Temple and William Bruce, Katten & Temple, LLP |
| Defendant Teresa Woodruff: | Paul Krieger and Jonathan Bolz, Krieger Kim & Lewin LLP |
| Defendants Nicole Schmidtke and Allison Towe | Steven Stapleton and Maria Dwyer, Clark Hill PLC |
| Defendant Ann Austin | Marisa Tara Darden, Squire Patton Boggs LLP |
| Defendant Samuel Stanley | Charyn K. Hain, Varnum LLP |
| Defendant Emily Gerkin Guerrant | Uriel Abt, Law Office of Uri Abt PLLC |
| Defendant Thomas Jeitschko | Adam Hollingsworth, Jones Day |

1. <u>Jurisdiction:</u>

   (a)     **Plaintiff's Position:** The basis for the Court's jurisdiction is 28 U.S.C. § 1331. Plaintiff states claims for violation of constitutional due process rights pursuant to Section 1983.

State law claims are within this Court's supplemental jurisdiction. Defendants object, claiming that the Complaint fails to state a claim. Pursuant to Fed. R. Civ. P. 15(a)(1) and this Court's Order of May 23, 2023, Plaintiff intends to file an Amended Complaint on or before June 12, 2023, which Plaintiff believes will moot any objection by Defendants as to jurisdiction.

(b)     **Defendants' Position**: Defendants do not dispute that Plaintiff has invoked the Court's federal question jurisdiction under 28 U.S.C. § 1331 by alleging federal due process violations under the U.S. Constitution and 42 U.S.C. § 1983, and has invoked supplemental jurisdiction for any remaining state law claims. However, Defendants state that they do not waive their Eleventh Amendment immunity (or any other immunity) or defenses, which they have expressly invoked in the May 22, 2023 Omnibus Motion to Dismiss Plaintiff's complaint [ECF Nos. 15 & 16]. Defendants also state that the Plaintiff's claims separately fail for lack of subject matter jurisdiction, as set forth in the Omnibus Motion to Dismiss. Finally, Defendants maintain further that even if Plaintiff were to overcome the immunity defenses raised, the Complaint fails as a matter of law to state viable legal claims upon which relief may be granted, as stated more fully in the Omnibus Motion to Dismiss. Defendants do not believe any amendment to the Complaint will materially change the application of Defendants' immunity defenses or the fact that Plaintiff cannot, under the circumstances, state a viable legal claim upon which relief may be granted.

2. <u>Jury or Non-Jury:</u>

(a)     **Plaintiff's position**: This case is to be tried before a Jury.

(b)     **Defendants' position**: Defendants reserve the right to request a Jury or non-Jury trial.

3. <u>Judicial Availability:</u>   The parties jointly do not agree to have a United States Magistrate Judge conduct any and all further proceedings in the case, including trial, and to order the entry of final Judgment.

4. <u>Statement of the Case:</u>

(a)     **Plaintiff's Position:** This case involves: federal constitutional due process and equal protection violation claims by the former Dean of the Eli Broad College of Business of Michigan State University, along with state-law breach of contract and defamation claims against Michigan State University ("MSU") officers and employees in their official and personal capacities, seeking equitable relief and damages for the termination of Plaintiff's position as Dean and removal of his endowed professorship chair.

The factual and legal issues include the purported reasons for the termination of the positions and the factual bases therefor; MSU policies for discipline of deans and investigations of alleged violations of MSU reporting policies and whether Defendants complied with those policies; how other MSU personnel were disciplined and treated compared to Plaintiff; whether MSU officials violated well established due process and equal protection rights of the tenured dean; and whether Defendants' publications of statements concerning Plaintiff were false and defamatory.

On March 31, 2023, after the Complaint was filed, the MSU Board of Trustees published a 100-page Final Report for the Michigan State Board of Trustees Regarding a Review of Title IX Policies and Procedures, Including the Departure of Sanjay Gupta as Dean of the Eli Broad College of Business, and Policy Recommendations Arising From Such Review, prepared by Quinn Emanuel Urquhart & Sullivan, LLP ("Quinn Emanuel Report"). Attached to the Quinn Emanuel Report were 128 pages of appendices. Quinn Emanuel "relied upon extensive documentary information the University provided and information University employees provided during voluntary interviews," but noted that "a number of individuals with relevant information declined to be interviewed." Specifically, Quinn Emanuel interviewed 11 employees and asked to interview 22 employees who refused to speak or did not respond. Quinn Emanuel analyzed over 9,300 documents.

Quinn Emanuel examined the stated factual and policy bases for the personnel actions taken against Gupta by Defendants Woodruff, Stanley and the other Defendants in their Administration and whether such Defendants followed applicable policies and procedures in imposing the personnel actions against Gupta. Quinn Emanuel concluded that the personnel actions taken against Gupta that Gupta complains about in this lawsuit, "appear disproportionate, out of sequence with the underlying investigation, and based on a factual record that included errors and omissions of relevant information and context." Quinn Emanuel found that Defendants' actions violated MSU policies and by-laws and Gupta's employment contract. Quinn Emanuel also found that the Administration's basis for concluding that Gupta purportedly violated a reporting policy was factually and legally incorrect. Quinn Emanuel noted that the lack of cooperation by 22 interviewees, including Defendant Stanley, impeded a full assessment of the purported reasons for Defendants' disciplinary actions against Gupta, which is a subject of this lawsuit.

(b)     **Defendants' Position:** MSU found, after a thorough investigation in which Plaintiff participated, that Plaintiff, the former Dean of the Eli Broad College of Business of Michigan State University ("Broad College"), failed to mandatorily report potential sexual harassment and/or sexual misconduct in violation of MSU policy. Thereafter, it was determined that Plaintiff should no longer hold his at-will position as Dean of the Broad College. Accordingly, Plaintiff was provided the opportunity to resign from his at-will administrative position, which he did. Thereafter, he returned to a tenured faculty position, where he remains. In short, MSU leadership – including certain Defendants named in the Complaint – concluded that Plaintiff's actions fell below MSU's high standards and no longer supported his at-will appointment as a MSU dean. Defendants dispute Plaintiff's characterization of the Quinn Emanuel Report and Plaintiff's view of its import to this case. Without waiving any arguments as to the relevancy of the Report, Defendants note that, among other things, Plaintiff fails to acknowledge that the Report found that Plaintiff violated MSU's mandatory reporting policy on Relationship Violence and Sexual Misconduct.

Plaintiff's currently-operative Complaint [ECF No. 1] asserts baseless and flawed procedural due process violations under 42 U.S.C. § 1983 (Count I), and state common law claims of defamation (Count IV) and tortious interference with a contract and business relationship (Counts II and III). Accordingly, on May 22, 2023, Defendants filed their Omnibus Motion to

3

Dismiss [ECF Nos. 15 & 16], asking the Court to dismiss Plaintiff's Complaint in its entirety.

Contrary to Plaintiff's stated position above, the operative Complaint does not allege an equal protection claim or a breach of contract claim.

5. Prospects of Settlement:

(a) **Plaintiff's Position:** Prior to commencing this lawsuit, Plaintiff provided written settlement proposals to the MSU general counsel and has not received a response. On April 20, 2023, Plaintiff provided an additional written settlement proposal to the MSU general counsel who responded with a suggestion for mediation subject to staying this lawsuit and a refusal to agree to Plaintiff's requested relief, which Plaintiff did not believe are reasonable conditions for mediation. Plaintiff has provided his written proposals to counsel of record in this action and has not received any offers or response. Plaintiff is willing to discuss any proposal from Defendants as soon as any offer is provided and is willing to participate in a mediation but believes that mediation will not be productive in light of Defendants' pre-conditions to mediation and without certain initial discovery. Defendants also have stated that they do not have any authority to provide any relief (injunctive or monetary) requested by Plaintiff. Plaintiff has raised concerns about MSU's general counsel's lack of authority to provide the requested relief and conflicts of interest, including in light of the Quinn Emanuel Report finding that the Office of General Counsel improperly interfered with and influenced the outcome of the Office of Institutional Equity's investigation, which is supposed to be independent. The initial discovery beneficial for mediation includes initial disclosures; discovery of the investigative file underlying the Quinn Emanuel Report; and other written discovery provided by Defendants and/or MSU.

(b) **Defendants' Position:** Contrary to Plaintiff's stated position above, prior to Plaintiff bringing this action, MSU's Office of General Counsel responded to Plaintiff's settlement proposals by rejecting them as unreasonable and, instead, proposed that the University and Plaintiff participate in facilitative mediation. After this action was commenced, Defendants also invited Plaintiff to engage in facilitative mediation and continue to welcome the opportunity to participate in that forum. To date, Plaintiff has rejected those invitations, and has stated that he will not participate in any mediation until after substantial written discovery has been exchanged. Furthermore, Defendants have informed Plaintiff that, under the University's Indemnification Policy, authority to settle rests with the University. Plaintiff has nonetheless insisted that settlement discussions not include the University's Office of General Counsel.

6. Pendent State Claims:

(a) **Plaintiff's Position:** This case does include pendent state claims, including breach of Plaintiff's employment contract, breach of MSU's policies (which are an implied contract), and defamation.

(b) **Defendants' Position:** Plaintiff's operative Complaint [ECF No. 1] includes state common law claims of defamation and tortious interference with contract and business relationship. It does not include a breach of employment contract claim or a breach of implied contract claim.

7. <u>Joinder of Parties and Amendment of Pleadings:</u>

(a) **Plaintiff's Position:** The parties expect to file all motions for Joinder of parties or to amend the pleadings by 120 days after the commencement of written discovery. Plaintiff proposes that written discovery commences on June 14, 2023.

(b) **Defendants' Position**: Plaintiff has indicated that he intends to amend his Complaint pursuant to the Court's May 23, 2023 Order [ECF No. 17] by no later than June 12, 2023. Any additional amendment by Plaintiff thereafter, including by joining one or more parties, shall require leave of court pursuant to Fed. R. Civ. P. 15. But no such motion should be granted by the Court if not filed within 120 days after the commencement of written discovery, if any.

As stated in their Omnibus Motion to Stay Discovery [ECF Nos. 22 & 23], Defendants' position is that all discovery and initial disclosures should be stayed temporarily. Until Defendants and the Court know what claims will be stated in an amended complaint (and against which parties) and what claims/parties, if any, will survive a dispositive motion filed by Defendants in response thereto, it is premature to discuss the details of a discovery schedule and process. Defendants welcome the opportunity to discuss these matters during a Rule 16 Conference with the Court after everyone knows and understands what claims, if any, will be left to adjudicate, as well as which parties will be Defendants to this action.

8. <u>Disclosures and Exchanges:</u>

(a) FED. R. CIV. P. 26(a)(1) requires initial disclosures unless the Court orders otherwise. The parties propose the following schedule for Rule 26(a)(1) disclosures:

**Plaintiff** proposes to exchange initial disclosures on or before June 7, 2023, which is 14 days after the Rule 26(f) conference. Plaintiff is serving his initial disclosures on June 7, 2023, despite Defendants' refusal to do so.

**Defendants** state that discovery, including the exchange of initial disclosures, is premature and should be temporarily stayed, as set forth in their Omnibus Motion to Stay Discovery [ECF Nos. 22 & 23]. Accordingly, after the Court rules on Defendants' Motion to Stay Discovery and any motion to dismiss filed in response to Plaintiff's amended complaint, if there is any remaining cause of action, Defendants propose that the Court schedule a Rule 16 Conference to finalize a scheduling order. Defendants state further that any deadline to exchange initial disclosures should be no earlier than 14 days after the Rule 16 Conference, if required.

(b) Expert Witnesses

**Plaintiff** expects to be able to furnish the names of Plaintiff's expert witness(es) by February 15, 2024.

**Defendants** state that discovery is premature and should be temporarily stayed, as set forth in their Omnibus Motion to Stay Discovery [ECF Nos. 22 & 23]. Accordingly, after the Court

rules on Defendants' Motion to Stay Discovery and any motion to dismiss filed in response to Plaintiff's amended complaint, if there is any remaining cause of action, Defendants propose that the Court schedule a Rule 16 Conference to finalize a scheduling order, including appropriate dates for the naming of expert witnesses. Defendants state further that, as a general matter, they expect to be able to furnish the name(s) of their expert witness(es) approximately thirty (30) days after Plaintiff's deadline to furnish the name(s) of his expert witness(es).

(c)     The parties agree that it would be advisable in this case to exchange written expert witness reports as contemplated by FED. R CIV. P 26(a)(2). Reports, if required, should be exchanged as follows:

> **Plaintiff proposes:**
>
> Plaintiff:            April 12, 2024
> Defendants:       May 10, 2024
> Supplementation:  June 7, 2024

**Defendants propose:** For the reasons stated above, Defendants propose that the parties engage in a Rule 16 Conference with the Court to finalize a scheduling order, including as it relates to the exchange of expert witness reports, after the Court rules on Defendants' Motion to Stay Discovery and any motion to dismiss filed in response to Plaintiff's amended complaint, if there is any remaining cause of action.  Until the parties and the Court fully know and understand the nature of Plaintiff's claims in an amended complaint and what claims, if any, might survive a dispositive motion filed in response to an amended complaint, establishing a detailed schedule for the exchange of expert witness reports is premature and would be based on uninformed guesswork.

(d)     **Both parties propose that,** without a formal production request, and if the Court so orders, the parties have agreed to make available to each other within thirty (30) days after the exchange of initial disclosures, all documents identified in their initial disclosures, provided that an appropriate protective order governing certain confidential information is entered.

> **Plaintiff's Position**: On May 26, 2023, Plaintiff provided a proposed protective order to Defendants based on the standard form used in many federal courts. Defendants have refused to date to provide any comments on that proposed protective order or to agree to its entry. Plaintiff has stated that prompt entry of a protect order is necessary to facilitate production of documents identified in Plaintiff's initial disclosures, which Plaintiff is serving on June 7, 2023, as proposed, and the production of other documents requested. These documents include the documents Plaintiff believes are necessary and appropriate for production to facilitate any early resolution of this case.
>
> **Defendants' Position**: Defendants have not refused to provide comments on a proposed protective order or refused to agree to an entry. Defendants informed Plaintiff that they believe it is inefficient and unnecessary to proceed with these orders at this time as there are no pending discovery requests, Defendants have moved for a stay of discovery, Plaintiff intends to amend his complaint and may add additional parties (which may involve additional counsel in the case), and a motion to dismiss will likely follow.

9. <u>Discovery:</u>

(a) **Plaintiff's Position:** Plaintiff believes that all discovery proceedings can be completed by March 15, 2024. Plaintiff recommends the following discovery plan:

The subjects of discovery include the purported reasons for the termination of the positions and the factual bases therefor; MSU policies for discipline of deans and investigations of alleged violations of MSU reporting policies and whether Defendants complied with those policies; how other MSU personnel were disciplined and treated as compared to Plaintiff; whether MSU officials violated well established due process and equal protection rights of the tenured dean; and whether publications of statements concerning Plaintiff by Defendants were false and defamatory.

Plaintiff is willing to conduct discovery in phases as follows:

1. Complete initial disclosures and production of documents identified in the disclosures and subpoena the investigative file of Quinn Emanuel. On March 31, 2023, Quinn Emanuel issued a 103-page report that the Board of Trustees publicized which disclosed that Quinn Emanuel collected 9,300 documents and interviewed 11 people in its investigation and that it asked an additional 22 people to be interviewed who refused to be interviewed. Plaintiff believes that it is efficient to obtain that investigative file and documents and statements already collected and then conduct additional written discovery of Defendants and non-parties of relevant documents that Quinn Emanuel did not or was not able to obtain. Plaintiff proposes that this written discovery can be substantially completed within four (4) months or by September 15, 2023.

2. Because there are 9 parties and because Quinn Emanuel identified 33 potentially relevant witnesses, including 22 who refused to be interviewed in the investigation of Dr. Gupta's termination, Plaintiff believes that the limit on the number of depositions per side should be 35; that fact depositions should be concluded by March 15, 2024, and expert discovery to be conducted thereafter and to be concluded by June 28, 2024. Alternatively, Plaintiff is willing to limit deposition testimony to 140 hours per side, with no single deposition exceeding 7 hours of testimony without mutual agreement of the parties or an order of the Court.

3. The other standard limitations on discovery should apply for the number of interrogatories and 7 hours of testimony per deposition.

(b) **Defendants' Position:** Defendants state that discovery, including the exchange of initial disclosures, is premature and should be temporarily stayed, as set forth in their Omnibus Motion to Stay Discovery [ECF Nos. 22 & 23]. Accordingly, after the Court rules on Defendants' Motion to Stay Discovery and any motion to dismiss filed in response to Plaintiff's amended complaint, if there is any remaining cause of action, Defendants propose that the Court schedule a Rule 16 Conference to finalize a scheduling order and to discuss the appropriate scope of, and potential limits on, discovery, should it be necessary to commence discovery at all. Until the parties and the Court fully know and understand the nature of Plaintiff's claims in an amended complaint and what claims/parties, if any, might survive a dispositive motion filed in response to an amended complaint, identifying the appropriate scope of, and potential limits on, discovery now

is premature and would be based on uninformed guesswork.

10. <u>Disclosure or Discovery of Electronically Stored Information:</u> The parties have discussed the production of electronically stored information and suggest that such information be handled as follows:

(a) **Plaintiff's Position:** The parties will submit an agreed-upon ESI protocol, when appropriate and required at the start of discovery. On May 26, 2023, Plaintiff provided to Defendants the proposed ESI protocol order, which is a standard form used in federal courts. To date, Defendants have refused to provide comments on that proposed ESI protocol order or to agree to its entry. Plaintiff has advised Defendants that Plaintiff has been preserving relevant documents, including ESI and that Plaintiff has arranged to image personal device data, which should be complete by June 28, 2023. Defendants have refused to arrange for imaging of any personal device data, which is necessary to preserve the information on the device.
.
(b) **Defendants' Position:** The parties will submit an agreed-upon ESI protocol if and when appropriate and required at the start of discovery. Defendants have not refused to provide comments on an ESI protocol or refused to agree to an entry. Defendants informed Plaintiff that they believe it is inefficient and unnecessary to proceed with this order at this time as there are no pending discovery requests and Defendants have moved for a stay of discovery.  It is also premature prior to the expected amendment of the complaint and resolution of Defendants' expected motion to dismiss. Defendants have not refused to arrange for the imaging of personal device data. Counsel for Defendants have informed Plaintiff that they are conferring with their clients regarding possibility, scope, and mechanics of imaging personal device data. Defendants note, and have so advised Plaintiff, that they have been subject to and observing a litigation hold since at least shortly after this litigation was filed.  Defendants do not know if/since when Plaintiff has been adhering to such a hold. While arrangements have purportedly been made, Plaintiff also has not yet imaged his phone.

11. <u>Assertion of Claims of Privilege or Work-Product Immunity After Production:</u>

The parties agree that claims of privilege or work product will not be waived in the event of any inadvertent disclosure of such information. The parties agree to resolve any claims of privilege or work-product immunity in the manner set forth in Fed. R. Civ. P. 26(b)(5). If work product, attorney client, or trial preparation privileges are asserted and a document is withheld in its entirety, a privilege log will be contemporaneously prepared. If a document is redacted for privilege, the redaction shall state on its face the privilege claimed. As needed, the parties agree to discuss the potential need for a stipulated protective order covering claims of privilege or work-product and the process where any such information is produced inadvertently in this litigation. The parties agree that the recipient of such inadvertently protected information will not use the information, in any way, in the prosecution or defense of the recipient's case.  Further, the parties agree that the recipient may not assert that the producing party waived privilege or work product protection; however, the recipient may challenge the assertion of the privilege and seek a court order denying such privilege. Both parties reserve the right to file a motion for protective order should they fail to agree to a stipulated order, if any is required, concerning this subject matter.

12.  Motions:  The parties acknowledge that W.D. Mich. LCIVR 7.1(d) requires the moving party to ascertain whether the motion will be opposed, and in the case of all non-dispositive motions, counsel or *pro se* parties involved in the dispute shall confer in a good-faith effort to resolve the dispute. In addition, all non-dispositive motions shall be accompanied by a separately filed certificate.

The following dispositive motions are contemplated by each party: Defendants anticipate filing motion(s) to dismiss under Rule 12 and motion(s) for summary judgment under Rule 56.

**Plaintiff** proposes that all dispositive motions will be filed by July 26, 2024.

**Defendants** propose that all dispositive motions be filed by no later than sixty (60) days after the close of discovery, if any.

13.  Alternative Dispute Resolution: In the interest of conserving judicial resources, the parties acknowledge that the Court will require the parties to participate in some form of Alternative Dispute Resolution.

**Plaintiff's Position:** As stated above, Plaintiff is willing to engage in ADR, including mediation, and Defendants have stated they do not have authority to settle on any basis. Plaintiff believes that written discovery of the parties and MSU and of Quinn Emanuel are needed prior to conducting any alternative dispute resolution process. Plaintiff believes that any such ADR process may be scheduled in September or October 2024, if the relevant documents are provided.

**Defendants' Position:** Defendants disagree with Plaintiff's position and recommend that mediation be scheduled immediately or, in the alternative, after the Court's ruling on any motion to dismiss an amended complaint but before significant discovery expenses are incurred.

14.  Length of Trial:

(a)  **Plaintiff's Position:** Counsel estimate the trial will last approximately 14 days total, allocated as follows: 7 days for Plaintiff's case and 7 days for Defendant's case.

(b)  **Defendants' Position:**  Until the parties and the Court fully know and understand the nature of Plaintiff's claims in an amended complaint and what claims/parties, if any, might survive a dispositive motion filed in response to an amended complaint, identifying the appropriate amount of time for trial is premature and would be based on uninformed guesswork.  Defendants propose discussing the details of the length of a potential trial at an appropriately scheduled Rule 16 Conference.

15.  Electronic Document Filing System:  Counsel are reminded that Local Civil Rule 5 7(a) requires attorneys to file and serve all documents electronically, by means of the Court's CM/ECF system, unless the attorney has been specifically exempted by the Court for cause or a particular document is not eligible for electronic filing under the rule. The Court expects all counsel to abide by the requirements of this rule. *Pro se* parties (litigants representing themselves without the assistance of a lawyer) must submit their documents to the Clerk on paper, in a form complying

with the requirements of the local rules. Counsel opposing a *pro se* party must file documents electronically but *pro se* parties with paper documents in the traditional manner.

16. <u>Other</u>: The parties consent to the electronic service of all documents that require service on an opposing party, including but not limited to, written discovery and production of discovery materials, if and when discovery is ordered to commence. Such electronic service, if utilized, shall be made using the primary e-mail address at which each attorney of record receives ECF filings in this case, and any additional email addresses the parties may want to identify by written notice to the other attorneys of record. The parties agree that documents served by electronic means may be signed by e-signature rather than by hand.

Plaintiff requests a Rule 16 scheduling conference with the Court. Defendants do not object to holding a Rule 16 conference but believe that it would be more efficient to hold a Rule 16 conference after the Court has ruled on the pending motion for stay, and after the Court has ruled on any motion to dismiss filed in response to Plaintiff's anticipated amended complaint.

June 7, 2023                              Respectfully submitted,

/s/ *Nancy A. Temple*

Nancy A. Temple
William Bruce
Katten & Temple, LLP
209 S. LaSalle Street, Suite 950
Chicago, IL 60604
312-663-0800
ntemple@kattentemple.com
wbruce@kattentemple.com

*Counsel for Plaintiff Sanjay Gupta*


/s/ *Marisa Tara Darden* (with permission)

Marisa Tara Darden
Squire Patton Boggs LLP (Cleveland)
1000 Key Tower 127 Public Sq.
Cleveland, OH 44114
(216) 479-8627
Fax: (216) 479-8780
marisa.darden@squirepb.com

*Counsel for Defendant Austin*

/s/ *Steven F. Stapleton (with permission)*

Steven F. Stapleton
Maria Cesira Fracassa Dwyer
Clark Hill PLC (Grand Rapids)
200 Ottawa Ave., NW, Ste. 500
Grand Rapids, MI 49503
(616) 608-1145 Fax:
(616) 608-1159
sstapleton@clarkhill.com
mdwyer@clarkill.com

*Counsel for Defendants Schmidtke and Towe*

/s/ *Charyn K. Hain (with permission)*

Charyn K. Hain
Varnum LLP (Grand Rapids)
Bridgewater Place 333 Bridge St., NW
P.O. Box 352
Grand Rapids, MI 49501-0352
(616) 336-6297
ckhain@varnumlaw.com

*Counsel for Defendant Stanley*

10

/s/ *Uriel Abt* (with permission)

Uriel Abt
Law Office of Uri Abt PLLC
517 Wildwood Dr.
East Lansing, MI 48823
(517) 858-9410
uri@abtlawfirm.com

*Counsel for Defendant Guerrant*

/s/ *Adam Hollingsworth* (with permission)

Adam Hollingsworth
Jones Day (Cleveland)
North Point 901 Lakeside Ave.
Cleveland, OH 44114-1190
(216) 586-7235
ahollingsworth@jonesday.com

*Counsel for Defendant Jeitschko*

*/s/ Paul Krieger (with permission)*

Krieger Kim & Lewin LLP
350 Fifth Ave., Ste. 7710
New York, NY 10118
(212) 390-9552
paul.krieger@kklllp.com

*Counsel for Defendant Woodruff*