UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SANJAY GUPTA,

       Plaintiff,                                    Case No. 1:23-cv-00201

v.                                                      Hon. Paul L. Maloney

TERESA K. WOODRUFF, et al.,

       Defendants.

---

**DEFENDANTS' RESPONSE TO
PLAINTIFF'S MOTION TO ENTER CONFIDENTIALITY ORDER**

**ORAL ARGUMENT REQUESTED**

## INTRODUCTION

As the Supreme Court holds, "district courts have the inherent authority to manage their dockets … with a view toward the efficient and expedient resolution of cases." *Dietz v. Bouldin*, 579 U.S. 40, 47 (2016). Defendants Teresa K. Woodruff, Thomas Jeitschko, Samuel L. Stanley, Jr., Nicole Schmidtke, Allison Towe, Ann Austin and Emily Gerkin Guerrant ("MSU Individual Defendants") ask the Court to do exactly that.

Plaintiff is putting the cart before the horse. Defendants have a Motion to Stay pending with this Court and Plaintiff recently amended his Complaint to add ten new defendants and additional claims. Defendants will be moving to dismiss the amended Complaint in its entirety on or before July 14, 2023. In the sound exercise of the Court's inherent authority to manage this docket in this case, the Court should deny or defer decision on Plaintiff's motion for a Confidentiality Order until after the Court has decided Defendants' stay motion on the basis that Plaintiff's motion is premature.

## BACKGROUND

A brief procedural background is necessary to understand the current posture of this lawsuit. MSU found, after a thorough investigation in which Plaintiff participated, that Plaintiff, the former Dean of the Eli Broad College of Business of Michigan State University ("Broad College"), failed to report potential sexual harassment and/or sexual misconduct in violation of MSU policy. Thereafter, it was determined that Plaintiff should no longer hold his at-will position as Dean of the Broad College. Accordingly, Plaintiff was provided the opportunity to resign from his at-will administrative position, which he did. He then returned to a tenured faculty position, where he remains. In short, MSU leadership—including certain Defendants named in the

Complaint—concluded that Plaintiff's actions fell below MSU's high standards and no longer supported his at-will appointment as an MSU dean.

On February 24, 2023, Plaintiff filed his four-count complaint against seven individual defendants seeking various equitable and legal relief. On May 22, 2023, the MSU Individual Defendants filed an Omnibus Motion to Dismiss and Brief in Support seeking dismissal of Plaintiff's Complaint pursuant to Fed. R. Civ. P. 12(b) (1) and (6). ECF No. 15, PageID.70; and ECF No. 16, PageID.73. On May 26, 2023, the Individual MSU Defendants filed an omnibus motion and brief to stay discovery in this case. ECF No. 22, PageID. 397; and ECF No. 23, PageID.402.

On June 7, 2023, the parties filed a Joint Status Report setting forth their respective positions and addressing the most efficient course for this case given the pending motions and the then anticipated filing of an amended complaint. ECF No. 25, PageID.435. On June 12, 2023, Plaintiff filed a First Amended Complaint. ECF No. 27, PageID.584. In his First Amended Complaint, Plaintiff added as defendants the Michigan State University Board of Trustees ("MSU BOT"), all eight (8) individual MSU BOT members, and the MSU General Counsel. Plaintiff amended previously existing claims, added claims, and dismissed a previous claim. On June 26, 2023, the Court entered a Stipulated Order extending the deadline for the MSU Individual Defendants to respond to the First Amended Complaint to July 14, 2023. ECF No. 49, PageID.864. Counsel for the newly added defendants have yet to file appearances. Because the amended allegations have not cured the deficiencies in Plaintiff's original pleading, the Individual MSU Defendants will file an omnibus Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b) (1) and (6) and seek dismissal of Plaintiff's First Amended Complaint. It is anticipated that the newly added defendants will join in the filing of that motion.

In this Motion, Plaintiff seeks entry of a confidentiality order to facilitate discovery despite the pending motion to stay. ECF No. 31, PageID.827; ECF No. 32, PageID.828.

## LEGAL ARGUMENT

### I.    Plaintiff's Motion Is Premature and Should Be Denied.

Plaintiff does not provide sufficient justification as to why such a confidentiality order should be entered at this time. As the MSU Individual Defendants explained in prior filings, the Court should stay discovery until the pleadings in the case are final and only permit discovery to proceed if the Court does not dismiss Plaintiff's complaint. Although Plaintiff has filed his First Amended Complaint, that filing does not cure the clear legal deficiencies evident in his original Complaint. As a result, Defendants will file an omnibus motion to dismiss as their responsive pleading. It would not be efficient or expedient to allow Plaintiff to engage in discovery at this point when it is likely Plaintiff's First Amended Complaint will be dismissed in whole or part. *See Flaim v. Med. Coll. of Ohio*, 418 F.3d 629, 643-44 (6th Cir. 2005); *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982).

Plaintiff claims that the confidentiality order is necessary to obtain documents in response to a subpoena he issued. But again, this argument is premature. Plaintiff issued a subpoena to non-party Quinn Emanuel Urquhart & Sullivan ("Quinn Emanuel") on June 7, 2023. **Exhibit 1**. Subsequent to Plaintiff's resignation, Quinn Emanuel performed an investigation of that resignation, among other things, at the request of the MSU BOT. On June 22, 2023, Quinn Emanuel served its objections to the subpoena on Plaintiff. **Exhibit 2**. Quinn Emanuel is declining to produce any documents in response to the subpoena for a number of reasons, including attorney-client privilege and work-product protection, that it's unduly burdensome, that it's premature and potentially unnecessary in light of the MSU Individual Defendants' stay motion and soon-to-be-

filed motion to dismiss, and that the information sought is overbroad and neither relevant to any claim or defense nor proportional to the needs of the action. Because Quinn Emanuel filed an objection, if Plaintiff wants to pursue enforcement of this subpoena, he must "move the court for the district where compliance is required for an order compelling production …." Fed. R. Civ. P. 45(d)(2)(B)(i).

Because the non-party subpoena to Quinn Emanuel requires compliance in Chicago, motion practice related to that subpoena will likely take place in the Northern District of Illinois. At any rate, Quinn Emanuel's production of documents—if it happens at all—is not imminent. Thus, Plaintiff's motion, as it relates to his subpoena to Quinn Emanuel, is premature. *See Guy v. Abdulla*, 58 F.R.D. 1, 2 (N.D. Ohio 1973); *Natural Res. Def. Council, Inc. v. County of Dickson*, 2010 WL 5300871 at *4 (M.D. Tenn. Dec. 20, 2010) (**attached**).

With respect to the proposed production of documents identified in Plaintiff's initial Rule 26(a) disclosures, which Plaintiff cites as a justification for the issuance of confidentiality order now, *see* ECF No. 32, PageID.830, the MSU Individual Defendants aren't asking Plaintiff to produce documents he asserts that he identified in his disclosures at this time. Indeed, Defendants maintain that the exchange of initial disclosures is premature and should be stayed until after the Court has resolved Defendants' omnibus motion to dismiss. ECF No. 25, PageID.439.

Finally, Plaintiff filed his First Amended Complaint on June 12, 2023, and counsel for the newly added defendants have not yet entered their appearance. At a minimum, the newly named defendants should be allowed to have their counsel appear and be included in any discussions related to the entry of a confidentiality order. Plaintiff's suggestion that the newly added defendants may simply move to amend any confidentiality order entered without their input is inefficient and a waste of this Court's resources given the early stage of this litigation and the

5

pending motion to stay discovery. Prior to the filing of Plaintiff's motion, Defendants confirmed they opposed entry of the Confidentiality Order for these reasons, stating:

> Our position remains as set forth in the Rule 26(f) report, and the amended complaint Plaintiff filed earlier this week only underscores our view. Spending the time now to review and exchange redlines of the two proposed orders is inappropriate and unwarranted given Defendants' pending motion to stay discovery pursuant to Rule 26(c) and the fact that Plaintiff added ten new defendants to this action on Monday evening. These ten new defendants should certainly have a say in any global, agreed-upon discovery orders. In addition, you have provided no rule or legal authority that our current position contravenes. We are available to meet and confer further on this issue if you'd like.

See Certificate of Compliance, ECF No. 33, PageID.846.

## CONCLUSION

To the extent that there is a "need" for a confidentiality order - and, as set forth above, there is not such a need at this time - it is one of Plaintiff's own creation. His motion is premature and does not serve to promote the efficient management of this case. Thus, this Court should respectfully deny Plaintiff's Motion to Enter Confidentiality Order (ECF No. 31, PageID.827).

Respectfully submitted,

| | |
|---|---|
| */s/ Steven F. Stapleton* | */s/ Charyn K. Hain* (with permission) |
| Steven F. Stapleton (P51571) | Charyn K. Hain (P46931) |
| Maria Cesira Fracassa Dwyer (P60946) | Varnum Riddering Schmidt & Howlett LLP |
| Clark Hill PLC | Bridgewater Place |
| 200 Ottawa Ave., NW, Ste. 500 | 333 Bridge St., NW |
| Grand Rapids, MI 49503 | P.O. Box 352 |
| (616) 608-1145 | Grand Rapids, MI 49501-0352 |
| Fax: (616) 608-1159 | (616) 336-6297 |
| sstapleton@clarkhill.com | ckhain@varnumlaw.com |
| mdwyer@clarkill.com | *Counsel for Defendant Stanley* |
| *Counsel for Defendants Schmidtke and Towe* | |

*/s/ Uriel Abt* (with permission)
Uriel Abt (P84350)
Law Office of Uri Abt PLLC
517 Wildwood Dr.
East Lansing, MI 48823
(517) 858-9410
uri@abtlawfirm.com
*Counsel for Defendant Guerrant*

*/s/ Paul Krieger* (with permission)
Paul Krieger
Jonathan Bolz
Krieger Kim & Lewin LLP
350 Fifth Ave., Ste. 7710
New York, NY 10118
(212) 390-9552
paul.krieger@kklllp.com
*Counsel for Defendant Woodruff*

*/s/ Adam Hollingsworth* (with permission)
Adam Hollingsworth
Jones Day (Cleveland)
North Point
901 Lakeside Ave.
Cleveland, OH 44114-1190
(216) 586-7235
ahollingsworth@jonesday.com
*Counsel for Defendant Jeitschko*

*/s/ Marisa Tara Darden* (with permission)
Marisa Tara Darden
Squire Patton Boggs LLP (Cleveland)
1000 Key Tower
127 Public Sq.
Cleveland, OH 44114
(216) 479-8627
Fax: (216) 479-8780
marisa.darden@squirepb.com
*Counsel for Defendant Austin*

Dated: June 28, 2023

## CERTIFICATE OF SERVICE

      I hereby certify that on June 28, 2023, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to all attorneys of record.

                                                            */s/ Steven F. Stapleton*
                                                            Steven F. Stapleton (P51571)
                                                            Clark Hill PLC
                                                            200 Ottawa Ave., NW, Ste. 500
                                                            Grand Rapids, MI 49503
                                                            *Counsel for Defendants Schmidtke and Towe*

## **CERTIFICATE OF COMPLIANCE**

As required under Local Civil Rule 7.3(b)(i), I hereby certify that this brief includes 1,437 words including headings, footnotes, citations and quotations and not including the case caption, cover sheets, any table of contents, any table of authorities, the signature block, attachments, exhibits, and affidavits. This word count was generated using Microsoft Word for Microsoft 365, the processing software utilized to draft the brief.

*/s/ Steven F. Stapleton*
Steven F. Stapleton (P51571)
Clark Hill PLC
200 Ottawa Ave., NW, Ste. 500
Grand Rapids, MI 49503
*Counsel for Defendants Schmidtke and Towe*