# EXHIBIT 2

**UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

SANJAY GUPTA,

    Plaintiff,

v.

TERESA K. WOODRUFF, et al.,

    Defendants.

Case No.: 1:23-cv-00201
Hon. Paul L. Maloney
Magistrate Judge Ray Kent

---

**NONPARTY QUINN EMANUEL URQUHART & SULLIVAN, LLP'S OBJECTIONS AND RESPONSES TO RULE 45 SUBPOENA**

Pursuant to Rule 45 of the Federal Rules of Civil Procedure, non-party Quinn Emanuel Urquhart & Sullivan, LLP ("Quinn Emanuel") hereby objects and responds to Plaintiff Sanjay Gupta's subpoena to produce documents, information, or objects or to permit inspection of premises ("Subpoena") as set forth below.

**GENERAL RESPONSES**

1. Quinn Emanuel's responses to the Subpoena are made to the best of its present knowledge, information, and belief. These responses are at all times subject to such additional or different information that discovery or further investigation may disclose.

2. Quinn Emanuel reserves all objections or other questions as to the competency, relevance, materiality, privilege, or admissibility as evidence in any subsequent proceeding or trial of this or any other action for any purpose whatsoever of his responses herein, and any document, thing, or testimony provided in response to the Subpoena.

3. Quinn Emanuel reserves the right to object on any ground at any time to such other or supplemental requests as Gupta may at any time propound involving or relating to the subject matter of Gupta's Subpoena.

4. Quinn Emanuel incorporates each of the following general and specific objections into any response it may provide as to each Request of the Subpoena, whether or not expressly referred to in each such response or testimony.

5. Quinn Emanuel reserves the right to supplement its answers, objections, or production if it uncovers additional documents or information called for by Gupta's Subpoena.

**GENERAL OBJECTIONS TO SUBPOENA**

Quinn Emanuel makes the following objections, whether or not separately set forth in response to each request, to the extent that they:

1. Are directed to matters that are not relevant to the subject matter at issue in the captioned action and seek discovery that is not proportional to the needs of that action and/or not reasonably calculated to lead to the discovery of admissible evidence;

2. Seek discovery protected by the attorney-client privilege, work-product doctrine, or any other privilege, immunity, or protection afforded by law. Any inadvertent disclosure or production of such information or documents shall not be deemed a waiver of any privilege or work-product with respect to such information or documents;

3. Seek discovery already known to and/or previously provided to Gupta or available to Gupta from documents in Gupta's own files or from other sources;

4. Are duplicative, vague, ambiguous, overbroad, unduly burdensome, and/or costly;

5. Seek to assign meaning to words different from their plain and ordinary meaning;

6. Seek information or documents that are not in Quinn Emanuel's possession, custody, or control, or refer to persons, entities, or events not known to Quinn Emanuel, on the grounds that such requests seek to require more of Quinn Emanuel than any obligation imposed by law, would subject Quinn Emanuel to unreasonable and undue burden and/or expense, and would seek to impose upon Quinn Emanuel an unreasonable obligation to investigate or discover information or materials from third parties or sources not readily available to Quinn Emanuel;

7. Seek information or documents subject to confidentiality agreements, protective orders, or any other obligation pursuant to which Quinn Emanuel is required to protect or maintain the confidentiality of any third party's information or documents.  Inadvertent disclosure of any confidential information or documents shall not operate as a waiver of any applicable confidentiality protection or obligation;

8. Are unlimited in scope as to time;

9. Attempt to impose obligations upon Quinn Emanuel that are not required by the Federal Rules of Civil Procedure, the Local Rules, or any other applicable authority.

## RESPONSES TO REQUESTS

**REQUEST NO. 1:**

Documents sufficient to identify the 11 individuals interviewed and the 22 additional key personnel who either declined or did not respond to the requests, as stated on page 4 of the Final Report for the Michigan State University Board of Trustees Regarding a Review of Title IX Policies and Procedures, Including the Departure of Sanjay Gupta as Dean of the Eli Broad College of Business, and Policy Recommendations Arising from Such Review, dated March 31, 2023 (the "Quinn Emanuel Report").

**RESPONSE TO REQUEST NO. 1:**

Quinn Emanuel objects to this request because it seeks information protected by the attorney-client privilege, work-product immunity, or any other privilege, immunity, or protection

afforded by law. The selection of which individuals to interview reveals Quinn Emanuel's mental impressions.

Quinn Emanuel also objects to this request as unduly burdensome. Quinn Emanuel is not a party to this litigation, and the information sought by this request may be obtained through other sources, such as from Defendants. Further, there is a pending motion to stay discovery that, if granted, would make any production of documents by Quinn Emanuel premature and potentially unnecessary if the Court ultimately disposes of the case on a motion to dismiss.

Quinn Emanuel also objects to this request because it is overbroad and seeks information that is neither relevant to any claim or defense in the captioned action nor proportional to the needs of the action, including (without limitation) to the extent that it seeks information regarding individuals that Quinn Emanuel sought to interview as part of its investigation of Title IX-related matters at the University as opposed to issues concerning Gupta's actions and departure as dean.

Quinn Emanuel will not produce documents in response to this request.

**REQUEST NO. 2:**

The documents analyzed for the Quinn Emanuel Report, identified as "over 9,300 documents" on pages 4 and 12 of the Quinn Emanuel Report.

**RESPONSE TO REQUEST NO. 2:**

Quinn Emanuel objects to this request because it seeks information protected by the attorney-client privilege, work-product immunity, or any other privilege, immunity, or protection afforded by law. The collection of documents was provided to Quinn Emanuel by its client in order to facilitate Quinn Emanuel's internal review and rendering of legal advice and based on the legal analysis of Quinn Emanuel regarding the types of information relevant to its inquiry.

Quinn Emanuel also objects to this request as unduly burdensome. Requiring Quinn Emanuel, a non-party to this litigation, to produce over 9,300 documents is unduly burdensome. Further, the documents sought by this request may be obtained through other sources, such as from Defendants. Moreover, there is a pending motion to stay discovery that, if granted, would make any production of documents by Quinn Emanuel premature and potentially unnecessary if the Court ultimately disposes of the case on a motion to dismiss.

Quinn Emanuel also objects to this request because it is overbroad and seeks information that is neither relevant to any claim or defense in the captioned action nor proportional to the needs of the action, including (without limitation) to the extent that it seeks information regarding individuals that Quinn Emanuel sought to interview as part of its investigation of Title IX-related matters at the University as opposed to issues concerning Gupta's actions and departure as dean.

Quinn Emanuel will not produce documents in response to this request.

**REQUEST NO. 3:**

The contents of the dedicated email address referenced on page 4 of the Quinn Emanuel Report, including but not limited to all emails received and sent, including any attachments thereto.

**RESPONSE TO REQUEST NO. 3:**

Quinn Emanuel objects to this request as unduly burdensome and premature. Quinn Emanuel is not a party to this litigation. Further, there is a pending motion to stay discovery that, if granted, would make any production of documents by Quinn Emanuel premature and potentially unnecessary if the Court ultimately disposes of the case on a motion to dismiss.

Quinn Emanuel will not produce documents in response to this request.

**REQUEST NO. 4:**

The interim presentations to the Board advising the Trustees of Quinn Emanuel's initial conclusions and recommendations, referenced on page 4 of the Quinn Emanuel Report.

**RESPONSE TO REQUEST NO. 4:**

Quinn Emanuel objects to this request because it seeks information protected by the attorney-client privilege, work-product immunity, or any other privilege, immunity, or protection afforded by law. Interim presentations regarding the status of Quinn Emanuel's work and preliminary advice and recommendations are at the heart of the protections afforded by the attorney-client privilege and work product protections and are protected from disclosure.

Quinn Emanuel also objects to this request as unduly burdensome and premature. Quinn Emanuel is not a party to this litigation. Further, there is a pending motion to stay discovery that, if granted, would make any production of documents by Quinn Emanuel premature and potentially unnecessary if the Court ultimately disposes of the case on a motion to dismiss.

Quinn Emanuel will not produce documents in response to this request.

**REQUEST NO. 5:**

Documents sufficient to identify the specific documents requested by Quinn Emanuel, including but not limited to custodians and any search terms.

**RESPONSE TO REQUEST NO. 5:**

Quinn Emanuel objects to this request because it seeks information protected by the attorney-client privilege, work-product immunity, or any other privilege, immunity, or protection afforded by law, as it seeks documents grounded in Quinn Emanuel's mental impressions and legal analysis to complete the scope of work for which it was engaged.

Quinn Emanuel also objects to this request as unduly burdensome. Quinn Emanuel is not a party to this litigation, and the information sought by this request may be obtained through other sources, such as from Defendants. Further, there is a pending motion to stay discovery that, if granted, would make any production of documents by Quinn Emanuel premature and potentially unnecessary if the Court ultimately disposes of the case on a motion to dismiss.

Quinn Emanuel also objects to this request because it is overbroad and seeks information that is neither relevant to any claim or defense in the captioned action nor proportional to the needs of the action, including (without limitation) to the extent that it seeks information regarding individuals that Quinn Emanuel sought to interview as part of its investigation of Title IX-related matters at the University as opposed to issues concerning Gupta's action and departure as dean.

Quinn Emanuel will not produce documents in response to this request.

Dated: June 22, 2023

By: */s/ Crystal Nix-Hines*
Crystal Nix-Hines
JP Kernisan
McKenzie Anderson
QUINN EMANUEL URQUHART & SULLIVAN, LLP