UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | | |
|---|---|---|
| SANJAY GUPTA, | ) | |
| Plaintiff, | ) | |
| | ) | No. 1:23-cv-201 |
| -v- | ) | |
| | ) | Honorable Paul L. Maloney |
| TERESA K WOODRUFF, *et al.*, | ) | |
| Defendants. | ) | |
| | ) | |

## ORDER GRANTING MOTION TO STAY DISCOVERY

Defendants filed a motion to stay discovery (ECF No. 22). The Court finds that granting the motion would be the most efficient use of party and Court resources.

### I.

Plaintiff Sanjay Gupta initiated this lawsuit in February 2023 naming seven individuals as defendants. Plaintiff asserted a claim for violation of due process and also three state-law torts. Defendants filed a motion to dismiss.

In May 2023, Plaintiff filed a motion to compel a Rule 26(f) conference. Plaintiff subsequently withdrew the motion after the parties conducted a conference by telephone.

The day after Plaintiff withdrew his motion, Defendants filed the pending motion to stay discovery (ECF No. 22).

In June 2023, Plaintiff filed an amended complaint, which now serves as the controlling pleading. Plaintiff pleads that he formerly served as the Dean of the Eli Broad College of Business at Michigan State University (MSU). Plaintiff pleads that on August 12, 2022, Defendant Teresa Woodruff relieved Plaintiff of his duties as Dean and ordered that

he return to a tenured faculty position. Plaintiff alleges this adverse employment action violates his right to procedural due process and also violates his right to the equal protection of the law. For these two claims, Plaintiff sues (1) Samuel Stanley, Jr., the former president of MSU; (2) six current members of MSU's administration—Woodruff, Thomas Jeitschko, Nicole Schmidtke, Allison Towe, Ann Austin, and Gervin Guerrant; (3) Brian Quinn, general counsel for MSU; and (4) the Board of Trustees and its eight current members—Dianne Byrum, Dennis Denno, Daniel Kelly, Renee Jefferson, Sandy Pierce, Brianna Scott, Kelly Tebay, and Rema Vassar. For Plaintiff's two constitutional claims, he sues the individual defendants in their official and in their individual capacities.

Plaintiff also pleads three causes of action under state law. Against Defendant Woodruff, Plaintiff alleges a claim for tortious interference with a business contract. Plaintiff alleges a claim for aiding and abetting tortious interference with a business contract against Stanley, Jeitschko, Schmidtke, Towe, Austin, Guerrant and Quinn. Finally, Plaintiff pleads a claim for defamation against Woodruff, Jeitschko, Guerrant, Towe and Quinn. The tort claims are brought against the defendants in their individual capacities.

Defendants filed an omnibus motion to dismiss (ECF No. 56). Defendants assert sovereign immunity and also contend that the injunctive relief sought by Plaintiff is barred by *Ex parte Young*. Defendants assert qualified immunity for all claims brought against them in their individual capacities. Defendants also challenge the merits of each of the causes of action.

II.

"'Trial courts have broad discretion and inherent power to stay discovery until preliminary questions that may dispose of a case are determined.'" *Gettings v. Building Laborers Local 310 Fringe Benefits Fund*, 349 F.3d 300, 304 (6th Cir. 2003) (quoting *Hahn v. Star Bank*, 10 F.3d 708, 719 (6th Cir. 1999)). "Limitations on pretrial discovery are appropriate where claims may be dismissed 'based on legal determinations that could not have been altered by any further discovery.'" *Id.* (quoting *Muzquiz v. W.A Foote Mem. Hosp., Inc.*, 70 F.3d 422, 430 (6th Cir. 1995)). A plaintiff is not entitled to discovery before a court resolves a motion to dismiss under Rule 12(b). *See Kolley v. Adult Protection Servs.*, 725 F.3d 581, 587 (6th Cir. 2013); *see also Yuhasz v. Brush Wellman, Inc.*, 341 F.3d 559, 566 (6th Cir. 2003) (finding "no general right to discovery upon filing of the complaint"). When a defendant raises qualified immunity in a motion to dismiss, the Sixth Circuit has stated that "the court must 'stay discovery until that issue is decided.'"[1] *In re Flint Water Cases*, 960 F.3d 820, 826 (6th Cir. 2020) (quoting *Kennedy v. City of Cleveland*, 797 F.2d 297, 299 (6th Cir. 1986)).

The Court is aware that district courts do permit discovery even when a defendant has filed a motion to dismiss. Plaintiff cites *AFT Michigan v. Project Veritas*, 295 F. Supp.

---

[1] In response, Plaintiff quotes *Alspaugh v. McConnell*, 643 F.3d 162, 168 (6th Cir. 2011), an opinion addressing a motion for summary judgment, not a motion to dismiss. The court wrote "While we held in *Summer v. Leis*, 368 F.3d 881, 886 (6th Cir. 2004), that a district court must address the question of qualified immunity prior to discovery, we did not hold that any time qualified immunity is asserted it is proper to dismiss on that ground prior to allowing any discovery." *Alspaugh* involved a situation where the court declined to permit discovery prior to granting a motion for summary judgment for the state defendants. Neither *Alspaugh* nor *Summer* provide useful precedent for this context where the defendants seek to limit discovery prior to a motion to dismiss.

3d 693, 694 (E.D. Mich. 2018) (Stafford, M.J.) ("It is well established that the filing of a motion to dismiss does not automatically warrant a stay of discovery."). As authority, *AFT Michigan* cites two unpublished district court opinions. The first, *Wilson v. McDonald's Corporation*, No. 14-11082, 2015 WL 130475072 (E.D. Mich. Apr. 28, 2015) (Hluchaniuk, M.J.) involved a motion to compel discovery for the purpose of determining whether compensation practices were class-wide and susceptible to common proof, evidence necessary for conditional certification of the plaintiff's Fair Labor Standards Act claim. The second, *Williams v. New Day Farms, LLC.*, No. 2:10cv394, 2010 WL 3522397 (S.D. Ohio Sept. 7, 2010) (Kemp, M.J.), held that a pending motion to dismiss would not ordinarily stay discovery and noted a limitation on the general rule: "unless the motion raises an issue such as immunity from suit, which would be substantially vitiated absent a stay, or unless it is patent that the case lacks merit and will almost certain be dismiss, ...." As applied to the situation here, the Court does not find persuasive the holding in *AFT Michigan.*

Defendants have established a sufficient basis for this Court to stay discovery pending resolution of the motion to dismiss. Defendants have raised both sovereign and qualified immunity. Defendants have also raised challenges to the merits of each claim. The Court acknowledges that Plaintiff has not yet filed his response to the motion. With the understanding that the Court refers to possibilities, not probabilities, upon review of the motion to dismiss, it is possible for the Court to resolve this lawsuit on Defendants' motion.

Plaintiff insists that discovery would not be unduly burdensome as he proposed a phased discovery plan. But, the parties have not submitted any proposed case management order and the Court has not yet issued any case management order. Plaintiff admits that he

plans to depose as many as 35 individuals.  Alternatively, Plaintiff proposed limiting depositions to 140 total hours with a 7-hour cap on any particular deposition.

### III.

In an exercise of discretion, the Court **GRANTS** Defendants' motion to stay discovery (ECF No. 22).  The Court does not grant the motion as a matter of law simply because Defendants filed a motion to dismiss raising immunity issues.  Rather, the Court finds that the most efficient use of resources would be to stay discovery until after resolution of the motion to dismiss.  While Plaintiff finds his proposed discovery reasonable, Defendants do not and they believe that some or all of the claims in the complaint may be dismissed.

Accordingly, the Court **DENIES WITHOUT PREJUDICE,** Plaintiff's motion for a protective order (ECF No. 31).  Should some claims survive the motion to dismiss, the Court anticipates that the parties will revisit the need for a protective order and hopefully reach some agreement.

The Court also **DENIES** Plaintiff's amended motion for leave to file a response (ECF No. 59) to the newly added Defendants' concurrence with the motion to stay and their concurrence with the response to the motion for a protective order.

**IT IS SO ORDERED.**

Date:   August 1, 2023                              /s/  Paul L. Maloney
                                                          Paul L. Maloney
                                                          United States District Judge